# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2011

No. 10-51049
Summary Calendar

Lyle W. Cayce
Clerk

HAROLD PIATT,

Plaintiff–Appellant

v.

CITY OF AUSTIN; TOBY FUTRELL, In her official capacity as City Manager
of the City of Austin; STANLEY L. KNEE, In his official capacity as Police
Chief of the City of Austin; ART ACEVEDO, In his official capacity as Police
Chief of the City of Austin,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:07–CV–520

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Harold Piatt brought suit against the City of Austin
("the City"), City Manager Toby Futrell, former-Chief of Police Stanley Knee
("Chief Knee"), and current Chief of Police Art Acevedo (collectively, "the
Appellees"), complaining that he was improperly passed over for appointment
to Assistant Police Chief in 2003 and 2006, and that this constituted racial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

discrimination in violation of federal, state and local law. After the district court dismissed Piatt's claims pertaining to the 2003 appointments as time-barred, the parties tried Piatt's remaining claims to the court in a three-day bench trial. The district court found that although Chief Knee had indeed used race as a factor in making one of the 2006 appointments, he would have made the same appointment even without any impermissible consideration of race. The court awarded Piatt attorney's fees and costs on his Title VII claim, *see* 42 U.S.C. § 2000e *et seq.*, but it awarded no damages, finding that the Appellees had established a valid mixed-motive defense as described in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989). The court entered a take nothing judgment on Piatt's remaining claims.

Piatt only appeals the district court's judgment on his Title VII claim. He contends that the Appellees did not meet their burden of proof in establishing a mixed-motive defense to the 2006 race-conscious appointment. This appeal requires us to determine whether the district court's finding that the Appellees had established such a defense is clearly erroneous. We find that it is not, and we AFFIRM.

**I**

This case arises from a series of municipal employment decisions. In 2003, and again in 2006, Police Chief Stanley Knee, then-Chief of the Austin Police Department ("the Department"), appointed two qualified candidates to serve on his staff as Assistant Police Chiefs. As head of the Department, Chief Knee had sole authority to select the Assistant Chiefs who would serve under him. *See* TEX. LOCAL GOV'T CODE ANN. § 143.014(b). Aside from the requirement that he select a candidate who met the minimum criteria for appointment set out in the Texas Local Government Code and any applicable labor agreements, *see id.* at §§ 143.014(c), (d)(1)–(3), Chief Knee's discretion in selecting his Assistant Chiefs was plenary. He was not required to conduct a formal application or selection

No. 10-51049

process, nor was any examination, skills assessment, or interview required on the part of any candidate. Unlike all other police ranks, Assistant Chiefs serve at the pleasure of the Police Chief and can be returned to the rank from which they were appointed at the Chief's discretion. *Id.* at § 143.014(g).

In 2003, Chief Knee evaluated the Department's qualified officers and appointed a Caucasian male and an African-American female to serve as Assistant Chiefs. Three years later, Chief Knee selected two more officers to serve as Assistant Chiefs after several personnel changes. When he made the 2006 appointments, 950 officers at all ranks were statutorily qualified for the positions: 18 were Commanders, including Piatt. Chief Knee eventually selected Commanders David Carter, a Caucasian, and Charlie Ortiz, a Hispanic, for appointment to his staff.

Piatt sought consideration for the Assistant Chief appointments in 2003 and 2006. But despite having consistently received average or above-average performance evaluations and meeting the statutory criteria, Commander Piatt was passed over on both occasions.

Piatt filed suit against the City, Chief Knee, and others in June 2007. He alleged that the Appellees had engaged in racial discrimination in their official capacities in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, and various other federal, state, and local laws.[1] Piatt also made claims against Chief Knee and City Manager Toby Futrell in their individual capacities under 42 U.S.C. § 1983.

The Appellees moved for summary judgment on all claims. The district court found that Piatt's claims relating to the 2003 appointments were barred

---

[1] In addition to his Title VII claim, Piatt brought suit under 42 U.S.C. § 1983; the Texas Commission on Human Rights Act, Tex. Labor Code. Ann. § 21.001 *et seq.*, and the City of Austin Unlawful Employment Practices ordinance, Austin, Tex. Code of Ordinances § 5–3–4(A)(1)–(2).

No. 10-51049

by the applicable statute of limitations, and the court granted summary judgment on those claims accordingly.  As to Piatt's § 1983 claim, the court granted summary judgment for Futrell in her individual capacity.  The court left for trial: (1) Piatt's various claims against the City and the official capacity defendants relating to the 2006 appointments; and (2) Piatt's § 1983 claim against Chief Knee, in his individual capacity, for his failure to select Piatt for Assistant Chief in 2006.

At trial Chief Knee described his overall policing strategy, which emphasized the use of small-area commands that focused on outreach and were particularized to each community's needs.  Chief Knee explained that his 2006 appointment decisions were based on this strategy and that he sought to appoint the officers he believed could interact with the community and best execute this strategy.  Chief Knee explained in detail that the motivating factors in his decision to select Commander Ortiz were Ortiz's communication skills and ability to interact with the community.

After a three-day bench trial, the district court found that the Appellees had established a mixed-motive defense to Piatt's Title VII claims, and that no evidence supported Piatt's assertion—relating to his remaining claims—that the City maintained an unwritten policy of racial set-asides.  The court awarded Piatt attorney's fees and costs on his Title VII claim, but no damages.  The court also ordered that Piatt take nothing from the Appellees or Chief Knee, in his individual capacity, on the other claims.  This appeal followed.

**II**

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000). The district court's finding that the Appellees established a mixed-motive defense is a factual finding that we review for clear error.  *See Thomas v. NFL Players Ass'n*, 131

4

No. 10-51049

F.3d 198, 202–03 (D.C. Cir. 1997). "A finding is clearly erroneous if it is without substantial evidence to support it, the court misinterpreted the effect of the evidence, or this court is convinced that the findings are against the preponderance of credible testimony." *Bd. of Trs. New Orleans Employers Int'l Longshoremen's Ass'n v. Gabriel, Roder, Smith & Co.*, 529 F.3d 506, 509 (5th Cir. 2008). We will only reverse under the clearly erroneous standard where, viewing the evidence as a whole, "we have a definite and firm conviction that a mistake has been committed." *Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 375 (5th Cir. 2000) (citation omitted).

## III

Piatt raises one issue on appeal—whether the district court erred in finding that the Appellees had established a mixed-motive defense to Piatt's Title VII claim.[2] Specifically, Piatt contends that the record contains no evidence showing that Chief Knee would have appointed Commander Ortiz to Assistant Chief in 2006 based solely on objective, race-neutral criteria. We disagree.

Under Title VII, an unlawful employment practice is established when the plaintiff demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice. *See* 42 U.S.C. § 2000e–2(m). But even where a plaintiff establishes an unlawful practice through proof at trial, his remedy is limited to injunctive and declaratory relief, costs, and attorney's fees if the employer can demonstrate that it would have taken the same action in the absence of the impermissible motivating factor. *See* 42 U.S.C. § 2000e–5(g)(2)(B)(i); *accord Garcia v. City of Houston*, 201 F.3d 672, 676 (5th Cir. 2000). This employer's

---

[2] Piatt does not challenge the district court's summary judgment relating to the 2003 appointments, nor does he challenge the court's judgments on his claims (other than the Title VII claim) against the City and the official capacity defendants, or the § 1983 claim against Chief Knee in his individual capacity. These claims are waived accordingly. *See Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) ("All issues not briefed are waived.").

No. 10-51049

defense was discussed at length in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989), and is commonly known as the mixed-motive defense.

In *Price Waterhouse*, the Supreme Court explained that a mixed-motive defense could be established in Title VII cases, like this one, where the employer presents objective proof that it would have made the same employment decision had it not taken into account the prohibited factor. *Id.* at 252. Moreover, the legitimate reason must have been present at the time the decision was made. *Id.* And, it is not enough for the employer to show that the same decision would have been justified; the employer must show that its legitimate reason would have produced the same decision standing alone. *Id.*

The crux of Piatt's claim is that the record contains no objective evidence showing that Chief Knee would have definitively made the same hiring decision in the absence of any impermissible use of race. Piatt hangs his appeal on one excerpt from Chief Knee's trial testimony:

> Q:  If you hadn't considered race in 2006, who would you have promoted?
>
> A:  I would most likely have picked Charlie Ortiz.

This equivocation, Piatt suggests, "deals in probabilities" and fails to objectively show that Chief Knee would have selected Ortiz. *See, e.g.,* Appellant's Br. at 12 ("At no time did Knee say that he '**would** have made the same decision in the absence of discrimination.'"). But taking this testimony in context suggests otherwise:

> I would most likely have picked Charlie Ortiz. Let me explain why. We had just had a shooting in the southeast area which he was the area commander. It was a very volatile time. Immediately following the shooting, I went to a community meeting that lasted for hours so I could tell the people in that community were very upset. It was a very explosive situation. I not only got to see Charlie Ortiz interact with some of the most vocal, angry people, but I got to see the people that worked for him do the same thing. Within a few weeks of that meeting, Charlie Ortiz had worked that

community so well that we had a – I think it was a peace march in which we had a rally at the community center where a few weeks before people were yelling and screaming at us. Charlie had organized that event. To see the progression from some of the same people that marched with us that day, it was very impressive. When you – when you look at the pieces that go into making up a team, those are the kinds of qualities that one Chief of Police or one CEO needs to make sure that he's got on his team. . . . I believe the skills that Charlie displayed were skills that would clearly be needed . . . .

The record also shows that Chief Knee considered Ortiz the best qualified to execute his community focused policing strategy, whereas, Chief Knee and Piatt shared different views about the merits of community-based policing. The district court credited this and other testimony in finding that the Appellees had established a valid *Price Waterhouse* mixed-motive defense by a preponderance of the evidence. Based on the totality of the evidence, we cannot say that the district court's finding was clearly erroneous.

**IV**

The district court's judgment is AFFIRMED.